By the Court :
The assignment in this case renders it necessary to examine the reasons filed in the court below.
The first and third reasons are not true in point of fact. The. transcript shows that the original summons issued in the name of Jane Seott, for the use of Workman, and that there is no disagree' ment between the writ and judgment.
The second reason does not seem to be very material. As the note was not assigned, the suit was properly brought in the name of the payee. The additional words, for the use of Workman, were intended to show that he had a right to receive the money when it should be collected. The want of an assignment, or an order on the back of the note, does not disprove that right. It might have been created by a separate instrument, or a parol agreement, the validity of which could only be questioned by the payee. It is a matter of no interest to the defendant to whom the money' belongs; it is enough for him to know, that the title to the note is in the plaintiff, in whose name the suit was brought, and that a second action can not be sustained against him for the same demand.
It is a common practice in the courts of this state to designate in this way the person for whose benefit a suit was brought, when it is necessary to commence it in the name of the original obligee or payee, and it has been considered a sufficient authority from the nominal plaintiff to justify the officer in paying the proceeds of the judgment *to the person designated, where no objection is made. It has been treated as an acknowledgment, by the plaintiff, that he was a trustee, suing for the use of another, and it appears unnecessary to inquire in what way the trust was *22 created, as long as the trustee is disposed to acknowledge it, and the interest of third persons is not affected by it.
On these grounds we are of opinion that the court of common pleas erred in setting aside the judgment of the justice.
Judgment reversed, and cause remanded for further proceedings.